Andrew W. Stavros (8615)
Austin B. Egan (13203)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
andy@stavroslaw.com
austin@stavroslaw.com

    *Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIA GROUP PARTNERS, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTINE BARANOWSKI, an individual, FRANK CLARK, an individual, STEPHEN LEE, an individual, and ENCORE LEADERSHIP, LLC, a Delaware limited liability company,<br><br>    Defendants. | **DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Case No.: 2:21-cv-00694-TC<br><br>Judge Tena Campbell |

Defendants Christine Baranowski, Frank Clark, Stephen Lee and Encore Leadership, LLC (collectively, "Defendants"), by and through counsel, file this motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

**RELIEF SOUGHT AND BASIS FOR MOTION TO DISMISS**

1

This Court should dismiss Defendants from this lawsuit for lack of personal jurisdiction. Each of the defendants are citizens of different states than Utah. None of the defendants have sufficient minimum contacts with Utah for the court to exercise personal jurisdiction. Plaintiff cannot establish a basis for general jurisdiction and the parties' alleged conduct that underlies the allegations in the Complaint do not establish a basis for asserting specific jurisdiction. Defendants have not purposefully directed activities at residents of Utah and the alleged activities complained of by Plaintiff do not arise out of activities directed to Utah. Moreover, asserting jurisdiction over defendants would offend traditional notions of fair play and substantial justice.

Baranowski is a citizen of Oregon and worked from Oregon. Clark is a citizen of Illinois and worked from Illinois. Lee is a citizen of Texas and worked from Texas. Encore Leadership is a Delaware limited liability company that operates from Illinois. None of the defendants performed work for Plaintiff in Utah or directed that work to Utah. And, outside of working for a Utah-based company, Defendants had no other connection with Utah. While the above-named defendants dispute that much of the conduct alleged in the Complaint occurred or is in some way unlawful, it is undisputed that their conduct, wrongful or not, occurred in Oregon, Illinois, and Texas, not Utah. While the Plaintiff is located in Utah, that alone is not a sufficient basis to force the Defendants to defend a suit here. Accordingly, this action should be dismissed.

**RELEVANT FACTS**

1. Plaintiff is a Utah limited liability company doing business in Salt Lake County. (See Amended Compl., ¶ 1).

2. Plaintiff is in the business of partnering with companies in executive search, among other

services, and located customers through relationships and its reputation. (Id. at ¶¶ 8; 10).

3. Plaintiff conducts its business by contracting with "Partners" who develop and fulfill accounts and are paid commissions, (Id. at ¶ 11), maintaining an "Advisory Board" whose Board members originate and fulfill accounts and receive a commission for doing so (Id. at ¶12), and using "Founding Partners" or "Members" who are paid salary (Id. at ¶16) and expected to bring in accounts, develop them and fulfill the account with a candidate. (Id. at ¶ 17)

3. Defendant Frank Clark ("Clark") is a citizen of Illinois. (Id. at ¶ 2; see also Declaration of Frank Clark, attached hereto as <u>Exhibit A</u>).

4. Defendant Stephen Lee ("Lee") is a citizen of Texas. (Id. at ¶ 3).

5. Defendant Christine Baranowski ("Baranowski") is a citizen of Oregon. (Id. at ¶ 4; see also Declaration of Christine Baranowski, attached hereto as <u>Exhibit B</u>).

6. Defendant Baranowski and Clark own Encore Leadership, LLC, a Delaware limited liability company ("Encore"), with its citizenship and place of business in Illinois. (See Amended Compl., ¶5; see also Defendants' Notice of Removal).

7. Clark has hired by Plaintiff as a "Founding Partner" and worked from approximately September, 2020 until August, 2021. (Amended Compl., ¶¶20; 27-29). In his role, Clark brought in accounts, developed accounts, and closed accounts. (Id. at ¶41). For his work, Clark was compensated with "shares" of Plaintiff and the distributions from such shares. (Id. at ¶39; 54). He was not paid a salary or commissions before he was "terminated" on August 5, 2021. (Id. at ¶¶ 25; 49).

8. Clark worked exclusively for Plaintiff from Illinois. (See Ex. A, Decl. of Frank Clark, ¶¶9-16). Prior to working for Plaintiff, he only traveled to Utah on one occasion to meet with

3

Plaintiff's owners. (Id.). Clark did not solicit Utah-based companies to work with Plaintiff, he did not travel to Utah to solicit or close any accounts for Plaintiff, he did not meet with any prospective customers of Plaintiff in Utah, and he did not purposefully direct activities to the state of Utah. (Id.).

9. Clark has never lived in Utah. (Ex. A, ¶¶ 4-9). Clark has never owned real or personal property in Utah. (*Id.*). He has never operated a business in Utah. (*Id.*).

10. Baranowski worked as a "Partner" for Plaintiff from August, 2020 until September, 2021. (Amended Compl., ¶56-58). Baranowski worked for Plaintiff exclusively from Oregon. (See Ex. , Decl. of Christine Baranowski, ¶¶9-16). While she worked for Plaintiff, she never traveled to Utah. (*Id.*). She did not solicit Utah-based companies to work with Plaintiff, she did not travel to Utah to solicit or close any accounts for Plaintiff, and she did not meet with any prospective customers of Plaintiff in Utah. (*Id.*).

11. Baranowski has never lived in Utah. (Id. at ¶¶4-8). She has never owned real or personal property in Utah. (Id.). She has never paid taxes in Utah. (Id.). She has never operated a business in Utah. (Id.).

12. Lee worked for Plaintiff as a "Partner" from May, 2021 until September, 2021. (Amended Compl., ¶¶ 69-71). The Amended Complaint includes no allegations concerning Mr. Lee that were directed to Utah. (Id.).

15. Encore does business in Illinois. (See Compl, ¶5). Lee, Clark and Baranowski work for Encore Leadership, LLC. (Id. at 78).

## ARGUMENT

**I.     Plaintiff has the burden of establishing personal jurisdiction over defendants.**

"'The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make prima facie showing.'" *Ten Mile Indus. Park v. W. Plains Serv. Corp.,* 810 F.2d 1518, 1524 (10th Cir. 1987) (quoting *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984)). "'The plaintiff may make this prime facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.'" *AST Sports Sci., Inc. v. CLF Distrib. Ltd.,* 514 F.3d 1054, 1057 (10th Cir. 2008) (quoting *OMI Holdings*, 149 F.3d at 1091). "'The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.'" *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990) (quoting *Behagen*, 744 F.2d at 733). However, the plaintiff must come forward with "competent proof of the supporting facts*." Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989) (citing *Becker v. Angle*, 165 F.2d 140, 141 (10th Cir. 1947)).

**II.   The applicable legal standard necessary for the Court to assert personal jurisdiction in Utah over nonresident defendants.**

In a diversity action, to establish personal jurisdiction over a defendant a plaintiff must show that "jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'" *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir.1999) (quoting *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)). Utah's Nonresident Jurisdiction Act, Utah Code Ann. §§ 78B-3-201 et seq., extends jurisdiction over nonresident defendants for certain enumerated acts, including, the

5

"transaction of business within the state," and "contracting or supplying services or goods in this state." *See* Utah Code Ann. §78B-3-205(2) and (3). Transacting business within the state means "activities of a nonresident person, his agents, or representatives *in this state* which affect persons or businesses within the state." *Id.* at 78B-3-202(2) (emphasis provided). Moreover, even if one of the enumerated acts is not applicable to a specific defendant, the Utah Nonresident Jurisdiction Act extends its provisions "to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." *Id.* at 78B-3-201(3). Hence, the Court must decide whether asserting personal jurisdiction over each of the defendants "comports with the limits imposed by federal due process." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)).

    The U.S. Constitution's due process clause permits assertion of personal jurisdiction over a defendant only when that defendant has sufficient "minimum contacts" with the forum so that the court's exercise of jurisdiction over the defendant does "not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This minimum contact requirement can be established either through specific or general jurisdiction. *OMI Holdings, Inc. v. Royal Ins. Co.,* 149 F.3d 1086, 1090-91 (10th Cir. 1998). "General jurisdiction requires a person to have continuous and systematic contacts with the forum state such that 'the person is essentially at home in the State.'" *Four Corners Health Care Corp. v. Roots Home Health Care Inc.*, 2021 U.S. Dist. LEXIS 163217, *8-9, 2021 WL 3856086 (citations omitted). In contrast, a court may assert specific jurisdiction over a defendant where "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation

6

results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 47172 (1985) (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774). Here, none of the defendants have any continuous and systematic contacts with Utah, and Plaintiff has made no allegations in its Amended Complaint that would justify the Court's exercise of general jurisdiction over the Defendants. Hence, if jurisdiction does exist, it must be on the basis of specific jurisdiction.

To determine if specific jurisdiction exits, the court engages in a two-part inquiry. First, the court must decide whether, based upon the defendants' minimum contacts with the forum, he or she should reasonably anticipate being haled into court here. To make that determination, the court must look to see if each defendant 'purposefully directed' his activities at residents of the forum." *Burger King,* 471 U.S. at 472 (quoting *Keeton*, 465 U.S. at 774). And, next, "whether the plaintiff's claim arises out of or results from 'actions by the defendant himself that create a substantial connection with the forum state.'" *Id.* at 1091 (quoting *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 109 (1987)). Second, if the defendant's actions satisfy the first specific jurisdiction test, the court considers "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *OMI Holdings*, 149 F.3d at 1091 (citation omitted).

### III. Plaintiff's complaint fails to allege specific acts that support this court's exercise of personal jurisdiction over each defendant.

Beyond asserting that Defendant Baranowski signed an agreement that included a forum selection clause (which is addressed below), Plaintiff's Amended Complaint includes no allegations supporting personal jurisdiction over the defendants. The Amended Complaint does not assert any contacts with the state of Utah by any of the defendants, allege that any actions of the defendants were

directed toward the state of Utah, or that defendants performed any work or services in Utah or for Utah customers, or otherwise purposefully subjected themselves to the jurisdiction of this court. And the declarations included with the motion confirm that there is no nexus between defendants and the forum state.

"The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik*, 887 F.2d at 1376 (citing *Becker*, 165 F.2d at 141). Plaintiff's Amended Complaint admits that each defendant was a citizen of another state. (See Amended Compl., ¶¶1-5). Plaintiff makes no allegations, however, that any defendant purposefully directed activities toward Utah, or that any claim arises out of the activities of any defendant, and the exercise of jurisdiction would not be reasonable or fair.

1. <u>Defendants did not purposefully direct activities toward residents of Utah.</u>

"The Supreme Court has reasoned that a defendant has "purposefully directed" actions at a forum state when the defendant's (1) intentional actions, (2) were expressly aimed at the forum state, with (3) the knowledge that the "brunt of the harm" would be felt in the forum state. *VidAngel, Inc. v. Sullivan Entm't Grp., Inc.,* No. 2:17-cv-00989-DN, 2018 U.S. Dist. LEXIS 126352, at *10 (D. Utah July 27, 2018) (citations omitted). Boiled to its essence, this test requires that "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum." *Id.*

Plaintiff's Amended Complaint alleges breach of contract claims, breach of fiduciary duty / duty of care claims, intentional interference with contract claims, misappropriation of trade secret

8

claims, and fraud against Defendants. But the allegations supporting such claims suggest no contact at all with the state of Utah other than it being the place that Plaintiff was formed, its principal place of business, and the defendants being employed by Plaintiff. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." See *Walden v. Fiore*, 134 S.Ct. 1115, 1123 (2014).

In denying the exercise of jurisdiction, in *Walde,* the Court held that because the "[defendant's] relevant conduct occurred entirely in [a different state than the plaintiffs had experienced their injury], . . . the mere fact that [the defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id. at 1126.* That is the case here. Only because the Plaintiff is a Utah limited liability company with its principal place of business in Utah is there any claim that defendants' alleged conduct had connections with Utah. Similarly, the existence of a service agreement alone "does not subject a nonresident defendant to the jurisdiction of the subject forum." *AST Sports*, 514 F.3d at 1059 (citing *Benton v. Cameco Corp.*, 375 F.3d 1070, 1077 (10th Cir. 2004) (citing *Burger King*, 471 U.S. at 473)). And any communications to customers with the state, even if alleged, would not be sufficient to confer jurisdiction. See e.g., *Far. W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1076 (10th Cir. 1995) (citing *Cont'l Am. Corp. v. Camera Controls Corp.*, 692 F.2d 1309, 1314 (10th Cir. 1982) (quotation omitted)). ("[i]t is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts.")

For example, in *All Am. Sec. Corp. v. Borealis Mining Co., LLC*, No. 2:15-cv-00582, 2015 U.S. Dist. LEXIS 173103, 2015 WL 9581761 (D. Utah Dec. 30, 2015) a Utah security company contracted with the defendant to provide security at a Nevada mine. The defendant terminated the agreement early

and allegedly solicited employees to work for the defendant. The Utah company sued the defendant in Utah for breach of contract and tortious interference with contract and economic relations. The Court held that the contact was insufficient to confer jurisdiction and that jurisdiction for the claimed tort claims was not appropriate because the defendant had not aimed its conduct in Utah because there was no evidence the defendants' conduct had any connection to Utah. *Id.* at *3-5.

Here, the allegations concern business relationships with Clark, Baranowski and Lee that were centered in other states and involved alleged unlawful conduct that occurred in other states. There is no evidence that defendant expressly aimed their conduct toward Utah, knew that their impact would disproportionately be felt here, or that the brunt of the injury would be in Utah. Accordingly, there is no basis for finding that defendants purposefully directed activities here as any contacts with Utah are simply too attenuated to support exercising jurisdiction over the defendants.

2. <u>Plaintiff's injuries do not arise out of related to any contacts of defendants with Utah.</u>

"The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020) (citing *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017)). As noted about, there is no real link between any of the defendants' out of state conduct and Utah.

First, Plaintiff's fraud claim against defendant Clark (Ninth Cause of Action) relies exclusively on representations Clark purportedly made about his wealth, experience, and prior success before being hired by Plaintiff and admitted as a member of Plaintiff. (Amended Compl. ¶¶ 201-03). These allegations, standing alone, provide no support for asserting jurisdiction.

Second, Plaintiff's misappropriate of trade secrets claim against all defendants is focused exclusively on accounts that were listed on a document called a "Pipeline" that allegedly included prospective customers of Plaintiff. (Amended Compl. ¶¶193-95). But an allegation of misappropriation without a clear nexus to the forum state is simply insufficient to confer personal jurisdiction. See e.g. *Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1079 (10th Cir. 1995) ("The mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts."); *Patriot Sys., Inc. v. C-Cubed Corp.,* 21 F. Supp. 2d 1318, 1321 (D. Utah 1998) (holding allegations of copyright infringement and misappropriation against nonresident defendant that occurred out of the forum state insufficient to confer personal jurisdiction). Similarly, there is no evidence that any of the customers who were allegedly interfered with improperly were located in Utah or that the alleged interference perpetuated by defendants occurred in Utah.

Third, with respect to Plaintiff's breach of fiduciary duty and breach of contract claims, it is undisputed that none of those breaches occurred in Utah. None of the defendant employees' duties were conducted or performed in Utah or had any nexus to Utah. As such, this is not a separate basis for asserting jurisdiction over the defendants. See e.g., *First Mortg. Corp. v. State St. Bank & Tr. Co.,* 173 F. Supp. 2d 1167, 1175 (D. Utah 2001); see also *Burger King,* 471 U.S. at 478, 105 S. Ct. 2174, 2185 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.").

3. <u>The exercise of personal jurisdiction over the defendants would offend traditional notions of fair play and substantial justice.</u>

In determining whether the exercise of jurisdiction over defendants would be reasonable and fair, relevant factors include (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *See Burger King*, 471 U.S. at 476-77. Here, each defendant is located in and worked in a different forum than Utah. The locations of these activities were based in separate states and were unconnected to Utah. There is no interest that Utah has in this litigation, other than Plaintiff being a resident and citizen of Utah. The burden on requiring three separate defendants to appear and defend an action in this forum would be onerous. Moreover, if the allegations of the Amended Complaint are construed as true, all of the relevant witnesses (other than Plaintiff) would be located in states other than Utah. Furthermore, with respect to the substantive merits of the case, each of the defendants will assert that they were not paid wages and other items that they should have been paid to them, invoking each state's wage laws.

**IV.     Plaintiff's forum selection clause under its NDA with Baranowski is not sufficient to confer jurisdiction over Baranowski.**

Plaintiff alleges that one of the agreements Baranowski signed with it – the Confidentiality and Non-Disclosure Agreement (NDA) – included a forum selection clause. Specifically, Plaintiff alleges that the NDA it entered into with Baranowski includes a Utah forum selection clause. (See Amended Compl., Ex. A, ¶14). Paragraph 14 of the NDA provides that "Venue shall be in the United States

12

District Court, Salt Lake City District, Salt Lake City, Utah (Federal Court system) or the Circuit Court in Salt Lake City County, Salt Lake City, Utah (State Court system)." However, this paragraph of the NDA is insufficient to confer jurisdiction over Defendant Baranowski in Utah.

Forum selection clauses are typically viewed as prima facie evidence of the establishment of personal jurisdiction over a defendant because such clauses are often contained within written contracts signed by both plaintiff and defendants. *See e.g., Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342, 1346 (10th Cir. 1992). However, whether the forum selection clause is dispositive as to consenting to personal jurisdiction is dependent upon the language of the clause; whether the clause is mandatory or permissive. *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW"),* 314 F.3d 494, 498 (10th Cir. 2002) (citing *Excell, Inc. v. Sterling Boiler & Mech., Inc.,* 106 F.3d 318, 320 (10th Cir. 1997)). Courts define forum selection clauses as permissive where the language is non-exclusive, or merely permissive of a particular jurisdiction. In the alternative, mandatory forum selection clauses contain language that is exclusive, using such terms as "only," "sole," or "exclusive." *See Kirk,* 2005 U.S. Dist. LEXIS 29025, 2005 WL 3115859, at *3*; Knight Oil Tools, Inc. v. Unit Petroleum Co.,* No. CIV 05-0669 JB/ACT, 2005 U.S. Dist. LEXIS 21929, 2005 WL 2313715 (D. N.M. Aug. 31, 2005) (stating that there are multiple cases where forum selection clauses containing the word "shall" were determined as permissive rather than mandatory);  see also *K&V Scientific Co.,* 314 F.3d at 498-500. Where a forum selection clause is determined to be permissive rather than mandatory, the Tenth Circuit has ruled that such forum selection clauses are not enforceable. *See Knight Oil Tools,* at *5-6. Similarly, where a forum selection clause is ambiguous it is

unenforceable and cannot be the basis for asserting personal jurisdiction. *See K&V Scientific Co.,* 314 F.3d at 500-501 (citing *Milk 'N' More,* 963 F.2d at 1346).

In *Waste Servs., LLC v. Red Oak Sanitation, Inc.,* 2008 U.S. Dist. LEXIS 57853, *2-4, 2008 WL 2856459 the forum selection clause provided that "[a]ny litigation will occur in the state of Utah." The Court held that the use of the word "will" which was similar to "shall" was permissive because it did not include exclusivity language and the clause was also ambiguous, so the Court construed the clause against the drafter, and found the forum selection clause unenforceable. Similarly, in this case the heading for the clause does not even refer to personal jurisdiction, but instead says "venue" and also does not include exclusively language saying that Utah is the sole or only jurisdiction an action may be brought in. It merely states that venue "Venue shall be in [state or federal court in Utah]." Accordingly, the forum selection clause is not sufficient to confer jurisdiction over Baranowski.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth herein, defendants requests that the Court dismiss this action for lack of personal jurisdiction.

RESPECTFULLY SUBMITTED this 24th day of December, 2021.

/s/     **Andrew W. Stavros**
Andrew W. Stavros
Austin B. Egan
STAVROS LAW P.C.

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 24th day of December, 2021 I filed the foregoing DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION with the Court using the Court's electronic filing system, which sent notice to the following CM/ECF participants:

Andrew Deiss
David Ferguson
DEISS LAW, P.C.
10 W. 100 S., Ste 700
Salt Lake City, Utah 84101
dferguson@deisslaw.com
adeiss@deisslaw.com
*Attorneys for Plaintiff*

/s/     **Andrew W. Stavros**
Andrew W. Stavros