Andrew W. Stavros (8615)
Austin D. Egan (13203)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
andy@stavroslaw.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| VIA GROUP PARTNERS, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTINE BARANOWSKI, an individual, FRANK CLARK, an individual, STEPHEN LEE, an individual, and ENCORE LEADERSHIP, LLC, a Delaware limited liability company,<br><br>    Defendants. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Case No. 2:21-cv-00694-TC<br><br>Judge Tena Campbell |

Pursuant 12(b)(2) of the Federal Rules of Civil Procedure[1] and Rule 7-1 of the District of Utah Civil Rules[2], Defendants Christine Baranowski, Frank Clark, Stephen Lee and Encore Leadership, LLC (collectively, "Defendants"), by and through counsel, hereby submit this Reply Memorandum in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

---

[1] Fed. R. Civ. P. 12(b)(2).
[2] DUCivR 7-1.

**OBJECTION TO EVIDENCE**

Defendants object to the Declaration of Erik Raymond on the grounds that it contains statements that are hearsay, irrelevant to the current inquiry, state legal conclusions, misrepresent the evidence, and are based upon documentary evidence that is either not provided, not in the record, or both. For example, the Declaration states Defendant Christine Baranowski's agreements specify that any litigation arising out of a breach "must" take place in Utah. This statement is unsupported. It also claims that Defendant Stephen Lee was asked to sign a Non-Disclosure Agreement, however, no such agreement entered into by Lee is provided. It also makes reference to Defendant Frank Clark's Non-Disclosure Agreement. As with Lee's, no such agreement entered into by Clark is provided. Mr. Raymond cannot testify that the agreements entered into confer jurisdiction. He also cannot testify regarding signed documents that, as this matter is currently concerned, do not exist as they have not been provided. As such, Defendants object to this Declaration and request that this Court not consider it in review of this Motion.

**STATEMENT OF NEW MATTERS RAISED AND RELIEF REQUESTED**

This Court must grant Defendants' Motion and dismiss Defendants from this claim for the reasons set forth in their Motion and for the reasons set forth herein. In Plaintiff's Opposition to Motion to Dismiss,[3] Plaintiff improperly applies the precedential case law in its analysis of the minimum contacts Defendants had with the State of Utah. Plaintiff disregards its own cited cases that state that contracts alone are insufficient to establish minimum contacts and the substantial case law supporting that forum selection provisions may not be binding.

Plaintiff's Opposition inadequately addresses the fact that beyond working for a Utah-

---

[3] *See* Dkt. No. 17.

based company, the Amended Complaint fails to allege the Defendants had any meaningful contact with the State of Utah. Defendant Christine Baranowski never travelled to the state, did not solicit Utah-based companies, and did not meet with any prospective customers in Utah. Defendant Frank Clark only came to Utah one time and did not solicit Utah-based companies. There are no facts alleged that Defendant Stephen Lee had any contacts whatsoever with Utah. None of the Defendants had a deliberate or continuous relationship with Utah while they were employed by Plaintiff.

Finally, Plaintiff's arguments regarding due process are thin, unsupported, and misapply relevant law. Plaintiff also failed to address additional facts, like the fact that Plaintiff is a national company which has offices and employees in multiple states and cities.[4] It is substantially less burdensome for Plaintiff to pursue its claims in Defendants' home states where witnesses are also likely to be located. The Amended Complaint fails to put forth sufficient facts that would establish personal jurisdiction over Defendants. Accordingly, this action should be dismissed.

## REPLY ARGUMENTS IN SUPPORT OF MOTION TO DISMISS

### I. PLAINTIFF'S COMPLAINT AND OPPOSITION FAIL TO PRODUCE FACTS OR EVIDENCE SUPPORTING JURISDICTION

The plaintiff bears the burden of establishing personal jurisdiction over a defendant.[5] When a defendant submits evidence to challenge personal jurisdiction, the plaintiff has a duty to come forward with evidence supporting the jurisdictional allegations in the complaint.[6] Here, Plaintiff made no objection to Defendants' statement of facts, nor did Plaintiff rebut the declarations

---

[4] Notably, Plaintiff's website indicates it has locations in multiple cities across the United States.
[5] *Shrader v. Biddinger*, 633 F. 3d 1235, 1239 (10th Cir. 2011).
[6] *Pytlik v. Professional Resources, Ltd.*, 887 F. 2d 1371, 1376 (10th Cir. 1989).

provided by Defendants. Specific jurisdiction requires a two-step analysis. First, the court evaluates whether the plaintiff has shown that the defendant has sufficient minimum contacts with the forum state.[7] If so, the court then determines whether the exercise of personal jurisdiction complies with traditional notions of fair play and substantial justice—in other words, whether personal jurisdiction is fair and reasonable.[8]

### A.  Minimum Contacts

In Plaintiff's Opposition, it is not clear which test is used to support its claim for jurisdiction.[9] The Tenth Circuit uses slightly different tests to assess minimum contacts for claims based in contract versus claims based in tort. When evaluating "minimum contacts" in contract cases, courts will ask "whether the defendant purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state."[10] Meanwhile, in tort claims, courts ask "whether the nonresident defendant purposefully directed its activities at the forum state."[11] The language cited by Plaintiff is the "purposefully directed" language used for evaluating tort claims, rather than the "purposeful availment" standard.[12] Plaintiff also failed to cite to any authority setting for a definition of "purposefully directed" to which this Court could apply the facts in this claim. "In both situations, due process requires the court to consider whether

---

[7] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F. 3d 1063, 1070 (10th Cir. 2008).
[8] *Id.*
[9] *See* Dkt. No. 17, p. 5.
[10] *Id.* at 1071.
[11] *Id.*
[12] *See* Dkt. No. 17, p. 5. ("Specific jurisdiction is proper if (1) the out-of-state defendant 'purposefully directed' its activities at residents of the forum State, and (2) the plaintiff's alleged injuries 'arise out of or relate to those activities.'")

3

plaintiffs' injuries "arise out of" defendants' contacts with the forum jurisdiction."[13] In either case, and other either standard, Plaintiff has failed to show that specific personal jurisdiction is proper.

### 1. Purposeful Availment – Contract Claims

For contract claims, the Tenth Circuit has explained that the minimum contacts analysis "looks to the out-of-state defendant's 'continuing relationships and obligations with citizens of [the forum state].'"[14] "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."[15] "Purposeful availment requires actions by [the defendant] which create a substantial connection with the forum state. . . we must examine the quantity and quality of [the defendant's] contacts with the forum state."[16] Notably, "[c]ontracts alone are usually insufficient to establish minimum contacts."[17] Courts look to the parties' "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing," to determine "whether the defendant purposefully established minimum contacts with the forum."[18] When a defendant "purposefully 'reach[es] out beyond' their State and into another by, for example, entering a contractual relationship that 'envision[s] continuing and wide-reaching contacts' in the forum State," personal jurisdiction may be established.[19] However, the "plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis

---

[13] *Dyno Nobel, Inc. v. Johnson*, No. 2:20-CV-00840, 2021 U.S. Dist. LEXIS 81597, at *8 (D. Utah Apr. 27, 2021).
[14] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 905 (10th Cir. 2017).
[15] *Id.*
[16] *Employers Mutual Casualty Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010).
[17] *Dyno Noble, Inc.*, 2021 U.S. Dist. LEXIS 81597, at *9-*10 (emphasis added).
[18] *Old Republic*, 877 F.3d at 905.
[19] *Id.*

for its jurisdiction over him."[20]

Plaintiff argues that "the contractual/ownership relationships satisfy the 'minimum contacts' inquiry."[21] Plaintiff also argues that "the parties were doing business in Utah."[22] However, as stated, a contractual agreement alone is not sufficient and routine phone calls are also not sufficient. The mere fact that Defendants were employed by a Utah company does not meet the contractual standard above. None of the Defendants created "wide-reaching" contacts in Utah. For example, in For example, in the *Dyno Nobel* case, the Utah District Court found that in addition to the Defendant's employment relationship with a Utah-based company, the employment created "considerable and meaningful connection between [defendant] and Utah."[23] The Court cited to the fact that defendant traveled to Utah to attend management training meetings, received business expense reimbursements that came from Utah, made purchases with a company cared connected to the employer's Utah headquarters, was paid a salary, made use of a company vehicle, company phone, and company computer that were paid for from Utah to find that defendant's contacts were deliberate and continuous purposeful availments to Utah.[24]

Plaintiff's reliance on the employment agreements alone is misguided and cuts directly against jurisdiction precedent. Here, outside of the contractual agreements, Defendants have taken no action to avail themselves to Utah. Defendant Clark worked exclusively in Illinois, did not solicit Utah companies, and did not meet with any prospective customers in Utah.[25] Clark was also

---

[20] *Id*. (emphasis added).
[21] Dkt. No. 17, p. 6.
[22] *Id*. at 7.
[23] *Dyno Noble*. 2021 U.S. Dist. LEXIS 81597, at *13.
[24] *Id*. at *4-*5, *13.
[25] *See* Dkt. No. 8, Exhibit A.

not paid a salary, but was rather given "shares" of the company.[26] Unlike the defendant in *Dyno Noble*, Clark's actions do not rise to deliberate or purposeful. The same is even more true for Baranowski and Lee. Baranowski worked exclusively in Oregon, never travelled to Utah, never solicited Utah companies, never transacted business in Utah, and never met with prospective customer in Utah.[27] The Amended Complaint contains no allegations of any kind that Lee took any sort of action towards Utah.[28] Therefore, Defendants did not engage in any activity that supports they reasonably anticipated being haled into a Utah court.

### 2. Purposeful Direction – Tort Claims

For tort-based claims, purposeful direction may be established "when an out-of-state defendant's intentional conduct targets and has substantial harmful effects in the forum state."[29] The Tenth Circuit has articulated a 'harmful effects' test that is satisfied when three elements are met: "(a) an intentional action . . . , that was (b) expressly aimed at the forum state . . . , with (c) knowledge that the brunt of the injury would be felt in the forum state."[30] Here, the allegations concern business relationships with Clark, Baranowski and Lee that were centered in other states and involved alleged unlawful conduct that occurred in other states. There is no evidence that defendant expressly aimed their conduct toward Utah. There are no allegations in the Amended Complaint that Defendants knew their conduct would be felt in the State of Utah, given that they had never worked within Utah, never met with customers in Utah, and with one exception, had

---

[26] Dkt. No. 7, ¶¶ 22, 25,
[27] *See* Dkt. No. 8, Exhibit B.
[28] Dkt. No. 7, ¶¶ 69-73.
[29] *Old Republic*, 877 F.3d at 907 (citing Calder v Jones, 465 U.S. 783, 790-91, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)).
[30] *Id.*

never even traveled to Utah. Defendants only "contact" with Utah is that their employer happens to be located there. Plaintiff repeatedly argues that this connection is enough. However, as set forth herein, the plaintiff cannot be the only link between the Defendants and the forum.[31] Accordingly, jurisdiction is improper.

### 3. Arising Out Of

Finally, even if this Court finds that minimum contacts have been established, the Amended Complaint fails to allege facts that Defendants' contacts gave rise to Plaintiff's claims. "In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State."[32]

Plaintiff argues that the nexus of its fraud claim against Defendant Clark is Utah because he made misrepresentations to Utah residents.[33] However, Plaintiff fails to allege where the statements were made, that they occurred in Utah, or that the Raymonds were even in Utah when the statements were made. None of the conduct giving rise to this claim occurred in Utah. This is similar to the claims regarding misappropriation of trade secrets, breach of contract, and breach of duty claims. Once again, Plaintiff's sole argument in support is that Defendants "contracted with a Utah company."[34] This is not enough. Defendant fails to support that the conduct occurred in Utah or that the customers were located in Utah. Continually relying on a single contractual agreement between the individuals falls well short of the standard.

---

[31] *Walden v. Fiore,* 571 U.S. 277, 285, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014).
[32] *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017) (citation and alterations omitted).
[33] Dkt. No. 17, p. 8.
[34] *Id.*

7

### B. **Traditional Notions of Fair Play and Substantial Justice**

Requiring these claims to be litigated in Utah creates a substantial unfair burden on not only Defendants, but the witnesses who may be required to testify as well.

The first factor—the burden on the defendant—speaks to why it would be unfair or unjust to exercise jurisdiction over a defendant.[35] Here, Plaintiff makes no citation to any support refuting Defendants arguments regarding the burden placed upon them. However, Plaintiff entirely ignores the fact that not only is each defendant located outside of Utah and in different states, but that all of the relevant non-Plaintiff witnesses would also be located outside of the State of Utah, as all the of alleged conduct occurred in Defendants' respective home states. Requiring not only these Defendants, but also individual witnesses, to undergo the burden and expense of traveling to Utah is unduly burdensome. Further, Plaintiff *has* purposefully availed itself to other forums, including Defendants, by hiring employees and maintaining offices in states outside of Utah. Plaintiff's burden is light in comparison to Defendants when considering the facts ignored by Plaintiff in its Opposition. This factor, therefore, weighs in favor of Defendants and weighs in favor of dismissal as requested.

Second, Utah's interest in resolving the dispute is not dispositive. The forum selection provisions in the cited agreements are not *per se* binding. A forum selection clause can be either mandatory or permissive, where mandatory clauses contain "clear language showing that jurisdiction is appropriate only in the designated forum," and permissive clauses "authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere."[36] Plaintiff fails to

---

[35] *Zoobuh, Inc. v. Savicom, Inc.*, No. 2:17-cv-01098-JNP, 2018 U.S. Dist. LEXIS 97079, at *19 (D. Utah June 8, 2018)
[36] *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997).

8

refute in its Opposition that the language contained in these forum selection clauses is permissive. Therefore, Plaintiff has failed to show Utah's interest in this claim, and this factor favors Defendants.

Third, Plaintiff's interest in receiving effective relief may weigh heavily in cases where a Plaintiff's chances of recovery will be greatly diminished by forcing him to litigate in a another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit.[37] This danger is not present in this case. Further, although Plaintiff is based out of Utah, it's corporate reach extends far beyond that with employees and offices in several states. Plaintiff may still receive effective and convenient relief in other forums.

This same set of facts is applicable to the interstate judicial system's interest in efficient resolution, with the addition of a fact that went unaddressed by Plaintiff: each of the defendants will assert that they were not paid wages and other items that they should have been paid to them, invoking their individual state's wage law. Plaintiff has failed to oppose this argument and this factor weighs in favor of Defendants.

## CONCLUSION

For the reasons set forth herein and in Defendants' Motion, this Court must dismiss this action for lack of personal jurisdiction.

DATED this 18th day of April 2022.

    /s/ Andrew W. Stavros_____
Andrew W. Stavros
Austin B. Egan
STAVROS LAW P.C.
*Attorneys for Defendants*

---

[37] *OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1097 (10th Cir. 1998).

## CERTIFICATE OF SERVICE

I certify that on this 18th day of April 2022, I filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** with the Court using the Court's electronic filing system, which sent notice to the following CM/ECF participants:

Andrew Deiss
David Ferguson
DEISS LAW, P.C.
10 W. 100 S., Ste 700
Salt Lake City, Utah 84101
dferguson@deisslaw.com
adeiss@deisslaw.com
*Attorneys for Plaintiff*

                                                          /s/ Andrew W. Stavros