IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VIA GROUP PARTNERS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTINE BARANOWSKI,<br>FRANK CLARK, STEPHEN LEE,<br>and ENCORE LEADERSHIP, LLC,<br><br>    Defendants. | **ORDER**<br><br>Case No. 2:21-cv-00694-TC<br><br>District Judge Tena Campbell |

  On May 19, 2022, the court held a hearing on the Defendants' motion to dismiss for lack of personal jurisdiction (ECF No. 8). After reviewing the parties' briefing, the court believes that the amended complaint fails to adequately describe the facts that may give rise to personal jurisdiction. Oral argument created more questions than it answered. The court would prefer to avoid a piecemeal solution, being keenly aware of "the interstate judicial system's interest in obtaining the most efficient resolution of controversies." XMission, L.C. v. Fluent LLC, 955 F.3d 833, 840 (10th Cir. 2020) (quoting Old Republic Ins. Co. v. Cont'l Motors, Inc., 877 F.3d 895, 909 (10th Cir. 2017)).

  At oral argument, the court presented the idea of limited jurisdictional discovery, and the parties seemed open to the proposal. "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting Budde v. Ling-Temco-Vought, Inc., 511 F.2d 1033, 1035 (10th Cir. 1975)). District courts have "broad discretion" over jurisdictional discovery. Dental Dynamics, LLC v. Jolly Dental Grp., LLC, 946 F.3d 1223, 1233 (10th Cir. 2020) (citing Budde, 511 F.2d at 1035).

Because the court believes that after limited jurisdictional discovery it will be better able to decide whether the Defendants are subject to personal jurisdiction in Utah, the court ORDERS as follows:

1. The parties shall engage in limited jurisdictional discovery for <u>sixty days</u> on the following issues:

    A. The Individual Defendants' hiring process at Via Group Partners. For example, how the Individual Defendants discovered Via Group Partners (or vice versa), the interview process, the contract negotiation process, and when and where Frank Clark made his allegedly false representations about his income and experience.[1]

    B. The Individual Defendants' work at Via Group Partners. For example, the frequency and degree of the parties' communications, if any, with Utah clients, customers, employees, coworkers, and supervisors, including Barry and Erik Raymond. Also, the Individual Defendants' specific job duties and how, if at all, those responsibilities were connected to Utah.

    C. The Individual Defendants' compensation arrangements and how those monies were paid. Whether, for example, they were paid commissions (or distributions from an equity stake) from Utah bank accounts, and whether, for example, they received any work-related perks like computers, phones, company credit cards, or the like.

    D. How the Pipeline was created, where it was stored, and how it could be accessed,

---

[1] Mr. Clark admits that before starting at Via Group Partners he traveled to Utah for three days to meet with Barry and Erik Raymond. (Mot. Ex. A (Clark Decl.) ¶ 9, ECF No. 8-1.) The purpose of this trip was to presumably discuss Mr. Clark becoming a founding partner at VGP. Though one could conclude that Mr. Clark's alleged fraud happened in Utah, the amended complaint does not say as much. Perhaps this was an oversight, or perhaps these alleged misstatements were not made in Utah.

  monitored, and edited.

  E. Any relevant contacts with Utah after the Individual Defendants left Via Group Partners, and Mr. Clark's and Ms. Baranowski's communications with Mr. Lee while Mr. Lee was still with Via Group Partners.

  F. Encore Leadership, LLC's connection, if any, with Utah.

  G. Any other potentially relevant facts that could bear on personal jurisdiction and support finding minimum contacts with Utah.

2. All discovery tools under the Federal Rules are available to the parties. The parties must meet and confer about any discovery disputes before involving the court. DUCivR 37-1.

3. The parties may file a stipulated motion to extend the jurisdictional discovery deadline if they believe that more time is needed.

4. If, after discovery, Via Group Partners believes it has uncovered facts that bear on personal jurisdiction, it may move for leave to amend its amended complaint. In doing so, counsel for Via Group Partners is reminded of their obligation to present only factual contentions that have (or will likely have) "evidentiary support." Fed. R. Civ. P. 11(b)(3).

5. Until then, the court DENIES the Defendants' motion to dismiss (ECF No. 8) WITHOUT PREJUDICE. The Defendants may file a renewed motion to dismiss after the close of jurisdictional discovery.

DATED this 19th day of May, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge